IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:02-CR-0097 |
| | § | |
| MAURICE JEFFRIES | § | |

**REPORT AND RECOMMENDATION TO DENY MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant MAURICE JEFFRIES has filed with this Court a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Section 2255.  For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant is entitled to no relief and recommends the Motion to Vacate, Set Aside, or Correct Sentence be DENIED.

I.
FACTS AND PROCEDURAL HISTORY

On December 3, 2002, defendant was charged in a two-count indictment with possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. sections 841(a)(1) and (b)(1)(A) (Count One) and with carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. section 924(c)(1)(A) (Count Two). On August 18, 2004, a jury convicted defendant on both counts. On September 21, 2004, on defendant's motion, the Court acquitted defendant of Count Two.  On October 13, 2004, the Court sentenced defendant to a term of 235 months imprisonment with a five (5) year supervised release term, and a special assessment of $100.00.  Defendant JEFFRIES timely appealed.  On August 17, 2005, the judgment was affirmed.

On September 15, 2006, defendant filed the instant Motion Under 28 U.S.C. Section 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On October 30, 2006, the government filed a response in opposition to defendant's motion to vacate. On January 4, 2007, defendant JEFFRIES filed a reply to the government's response.

## II.
## DEFENDANT'S ALLEGATIONS

Defendant JEFFRIES raises the following grounds in support of his contention that his conviction and sentence were imposed in violation of the Constitution or laws of the United States:

1. Counsel was ineffective for failing to move, during sentencing, for a downward departure under United States Sentencing Guidelines (U.S.S.G.) section 5K2.0 or downward adjustment under U.S.S.G. section 3E1.1;

2. Counsel was ineffective for failing to object to an improper statement made by the prosecution during closing argument;

3. Counsel was ineffective at trial for failing to object to the submission of "crack cocaine" to the jury and failing to object to the characterization of "crack cocaine" during sentencing in light of the prosecution statement the substance might have been powder;

4. Counsel was ineffective for failing to raise a *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621(2005), claim by writ of certiorari;

5. Counsel was ineffective for failing to:
   a. timely, properly and effectively move for suppression of the evidence and for failing to timely move for dismissal of the indictment;
   b. investigate or present exculpatory evidence;
   c. provide an expert to rebut the state's expert on fingerprint evidence;
   d. object to the unlawful possession of evidence by prosecutors;
   e. advise defendant he had the ultimate decision whether to testify;
   f. request adequate jury instructions and/or object to insufficient jury instructions;
   g. object to an inappropriate prosecutorial closing argument and/or ask for curative instructions;
   h. investigate and present material evidence at sentencing;
   i. object to unlawful, false and unreliable evidence presented;
   j. investigate and/or present the strongest issues on direct appeal and preserve viable issues for collateral review; and
   k. adhere to the duty owed defendant because counsel had a conflict of interest;

6. Defendant's Fifth Amendment rights were violated because the Court lacked knowledge of the available range of sentencing discretion under applicable law; and

7. Defendant's First, Fourth, Fifth, Sixth and Eighth Amendment rights were violated.

### III.
### JEFFRIES' CLAIMS SIX AND SEVEN ARE PROCEDURALLY BARRED

Defendant JEFFRIES' last two claims, that his First, Fourth, Fifth, Sixth and Eighth Amendment rights were violated, were not raised on direct appeal, and defendant presents them for the first time in this section 2255 motion. The government maintains defendant has raised this issue for the first time without establishing cause and prejudice to excuse his failure to raise such issues on direct appeal.

Following a conviction and the exhaustion of or waiver of the right to a direct appeal, a defendant is presumed fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S. Ct. 978, 117 L. Ed. 2d 141 (1992). As a result, section 2255 review of a conviction is ordinarily limited to questions of a constitutional or jurisdictional magnitude. These issues ***may not*** be raised for the first time on collateral review if they were not raised on direct appeal without a showing of cause and prejudice. Other types of error, non-constitutional or non-jurisdictional, may not be raised in a section 2255 motion to vacate unless the defendant is able to demonstrate the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998). Claims of ineffective assistance of counsel are ordinarily not presented on direct appeal, but instead are presented in a section 2255 motion. *United States v. Brewster*, 137 F.3d 853, 859 (5th Cir. 1998).

Consequently, defendant JEFFRIES' sixth and seventh claims are not cognizable in this section

2255 motion to vacate because JEFFRIES did not raise these issues on direct appeal and has failed to show adequate cause for this failure.

IV.
### INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant present a myriad of ineffective assistance of counsel claims. In order to prevail on a claim that he was denied his constitutional right to the effective assistance of counsel, defendant must satisfy two requirements. "First, he would have to show that his attorney's conduct fell below an objective standard of reasonableness. Second, he would have to demonstrate a reasonable probability that he was prejudiced by his attorney's unprofessional errors." *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The question of whether a defendant has received ineffective assistance of counsel is a mixed question of fact and law. *United States v. Rusmisel*, 716 F.2d 301, 304 (5th Cir. 1983).

A showing that counsel's conduct was deficient requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct. *Id*. at 688-690. As for the issue of prejudice, defendant must do more than simply allege prejudice, he must "affirmatively prove" prejudice. *See Strickland*, 466 U.S. at 693; *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986).

A habeas defendant claiming ineffective assistance of counsel bears the burden of demonstrating by a preponderance of the evidence "both an identifiable lapse on the part of his trial counsel and some actual, adverse impact upon the fairness of his trial resulting from that lapse." *United*

*States v. Cockrell*, 720 F.2d 1423, 1425 (5th Cir. 1983) (quoting *Boyd v. Estelle*, 693 F.2d 388, 389-90 (5th Cir. 1981)). Counsel is not required to pursue every path until it bears fruit or until all conceivable hope withers. *Lovett v. State of Florida*, 627 F.2d 706, 708 (5th Cir. 1980). A strategy is not proven wrong because, as is the usual circumstance, a guilty person is convicted. *Cockrell*, 720 F.2d at 1429; *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980) (holding failure to object to the introduction of a letter did not so infect the trial with unfairness as to make the resulting conviction a denial of due process).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and tactical decisions of trial counsel are entitled to a high degree of deference. *Strickland*, 466 U.S. at 692. A defendant must show that counsel's deficient performance prejudiced the defense. *Id*. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L. Ed. 2d 180 (1993).

A.
Downward Departure

Defendant claims counsel was ineffective for failing to move, during sentencing, for a downward departure under U.S.S.G. section 5K2.0 or a reduction for acceptance of responsibility under U.S.S.G. section 3E1.1. Defendant JEFFRIES pled not guilty and proceeded to jury trial on both counts of a two-count indictment. Although convicted of both counts by the jury, the Court acquitted defendant of Count Two, post-trial. Defendant appears to assert he was never offered a plea agreement in which he would plead guilty to Count One in exchange for the dismissal of Count Two. As a result, defendant avers, he was never given the opportunity to accept responsibility for only Count One.

Because the Court later acquitted defendant of the conviction on Count Two, defendant contends counsel should have argued for either a downward departure under U.S.S.G. section 5K2.0 or a reduction for acceptance of responsibility under U.S.S.G. section 3E1.1.

Defendant has failed to show deficient performance by his attorney or any resulting prejudice.[1] *See Green*, 882 F.2d at 1002. Assuming, *arguendo*, trial counsel should have objected to the presentence report and argued for downward departure or adjustment in sentencing, defendant has failed to show the trial court would have sustained such an objection and/or granted a downward departure. Jeffries did, in fact go to trial on Count One (and therefore did not accept responsibility for his crime). The trial court was not bound to grant a downward departure or adjustment in sentencing.[2] Considering the Court's discretion in the deciding the objection, then, defendant's assertion that he would have received a lesser sentence is not the foregone conclusion he seems to think. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (stating a petitioner cannot present a valid habeas corpus claim when he offers nothing more than his own statements to support his assertion). To the contrary, defendant fails to demonstrate the trial court would have sustained such an objection and decreased his

---

[1] As petitioner correctly asserts, the Court cannot make a credibility determination based off of disputed facts without first conducting an evidentiary hearing. *See Machibroda v. United States*, 368 U.S. 487, 495, 82 S. Ct. 510, 514, 7 L. Ed. 2d 473 (1962). ("Movant's Traverse," filed July 30, 2007, pg. 7). This rule does not require an evidentiary hearing in this case, however, because it is undisputed that a plea bargain was offered. Defendant states in his reply brief to the government's answer, "Mr. Jeffries was offered to plea [sic] guilty to Count One if Mr. Jeffries would admit possession of the gun." (*See* "Movant's Traverse," filed July 30, 2007, pg. 9). This matches his attorney's affidavit recounting the case, which was created on October 26, 2006, and a letter from the attorney to defendant dated August 6, 2004. Both of these documents indicate that the prosecution did, in fact, offer to dismiss Count Two if the defendant would plead guilty to Count One. (Government's Appendix, pg. 1, 6). The defendant not only refused the offer, but attempted to terminate his attorney's representation of him for seriously discussing it. (*Id.* at pg. 14). Because defendant actually was presented with the opportunity to take responsibility on Count One alone and have Count Two dismissed, his trial attorney had no basis for making the argument he asserts in his motion to vacate. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections"). Defendant thus did not receive ineffective assistance of counsel because his counsel was not deficient in her performance. *See Green*, 882 F.2d at 1002

[2] Moreover, if defendant had, in fact, wished to accept responsibility on Count One of the indictment, then he could have entered an open plea of guilty on Count One (thereby making him eligible for a decrease in offense level under U.S.S.G. section 3E1.1) and left Count Two for the jury's determination. *See* FED. R. CRIM. P. 11. Petitioner refused to accept responsibility for either of the charges, however, and choose to pled not guilty to both.

sentence and therefore fails to demonstrate prejudice. *See Green*, 882 F.2d at 1002

B.
Improper Closing Argument

Defendant argues counsel was ineffective for failing to object to an improper comment by the prosecutor during closing argument. Specifically, defendant complains about prosecutorial comments during closing argument that the State's fingerprint identification expert was "very qualified" and that, "this is a science, and he is a very reliable witness, and he testified to you in a very reliable manner." (Government's Brief at 7 citing Trial Transcript, p. 306, *ll*. 1-12). As articulated by the Government, the prosecutor, in closing argument, may not vouch for the credibility of a witness but may argue it is a fair inference from the facts that the witness had no reason to lie. (Government's Brief at 7 (citing *United States v. Munoz*, 150 F.3d 401, 414 (5th Cir. 1998))). An inappropriate comment is reversible error only if, in light of the entire context of the case, defendant's substantive rights were prejudiced. To make such a determination, the Court must consider, "(1) the magnitude of the statement's prejudice, (2) the effect of any cautionary instructions given, and (3) the strength of the evidence of defendant's guilt." *Munoz*, 150 F.3d at 414 (quoting *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir. 1995)).

In the instant case, the reference to the witness being "very qualified" was preceded by the witness's credentials and modified by the further statement, "as you heard from the witness stand." (Government's Brief at 8, citing Trial Transcript, p. 306, *ll*. 4-5). This statement was a proper inference from the facts. The same can be said of the statement that the witness testified in a reliable manner. Even if the remaining statement (that the witness was a very reliable witness) was objectionable, the failure to object was harmless. In her affidavit, defense counsel concedes she probably should have objected to all or part of this portion of the prosecutor's closing argument. (Government's Appendix at 3). However, as discussed by the Government, and applying the *Munoz* factors, the prejudice of this

comment was negligible in light of the context in which it was made, i.e., during a legitimate discussion of the witness's qualifications and demeanor. Further, the jury was instructed not to consider the closing argument of counsel as evidence. Lastly, there was strong evidence of defendant's guilt, i.e., the fingerprint evidence, and the existence of drugs and a large sum of money wrapped in defendant's sweatshirt in an area where defendant ran from police. (Trial transcript 117-22, 143-44,183-87). Even if counsel should have lodged an objection, the failure of counsel to do so did not rise to the level of reversible constitutional error or render the trial unfair. This claim is without merit.

### C.
### "Cocaine" Versus "Cocaine Base"

Defendant next argues counsel was ineffective at trial for failing to object to the submission of "crack cocaine" to the jury and failing to object to the characterization of "crack cocaine" during sentencing in light of the prosecutor's statement the substance might have been powder. Defendant contends the prosecutor admitted during a bench conference the cocaine may have been powder and not cocaine base. Defendant JEFFRIES either misunderstood or mis-characterizes the prosecutor's statement. During the charge conference, a discussion ensued about the wording of the jury charge related to Count One. The prosecutor suggested the word "cocaine" could be used to refer to both cocaine powder and cocaine base. (Trial Transcript at 245-47). The prosecutor never stated the only substance involved in the offense was cocaine powder. In fact, the prosecution and defense ultimately agreed the jury charge should contain both "cocaine" and "cocaine base," and review of the record shows the charge read, "did knowingly and intentionally possess with intent to distribute approximately 1200 gross grams of cocaine and approximately 1200 gross grams of cocaine base." (Trial Transcript at 283). There was no objection to make and the failure to make a meritless objection does not constitute ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Defendant's claim is thus without merit.

D.
*Booker*

Defendant next alleges counsel was ineffective for failing to raise a *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621(2005) claim by *writ of certiorari*. As argued by the Government, defendant does not have a right to effective assistance of counsel with respect to discretionary appeals such as a petition for *writ of certiorari*. (Government's Brief at 10 (citing *Clark v. Johnson*, 227 F.3d 273, 283 (5th Cir. 2000))). Defendant's claim is without merit.

E.
Miscellaneous Ineffective Assistance of Counsel Claims

In his fifth point of error, defendant cites numerous ways in which he alleges defense counsel was ineffective. Specifically, he claims counsel failed to timely, properly and effectively move for suppression of the evidence and timely move for dismissal of the indictment; investigate or present exculpatory evidence; provide an expert to rebut the state's expert on fingerprint evidence; object to the unlawful possession of evidence by prosecutors; advise defendant he had the ultimate decision whether to testify; request adequate jury instructions and/or object to insufficient jury instructions; object to an inappropriate prosecutorial closing argument and/or ask for curative instructions; investigate and present material evidence at sentencing; object to unlawful, false and unreliable evidence presented; investigate and/or present the strongest issues on direct appeal and failed to preserve viable issues for collateral review; and adhere to the duty owed defendant because counsel had a conflict of interest. To the extent these issues have not been addressed above and/or are not duplicative of other allegations, the allegations are conclusory. Defendant has restated these claims in three separate places in his brief at pages 17 to 19, 40 to 42, and 75 to76. However, defendant has failed to provide any details or specify how counsel's actions, or inactions, were deficient or prejudiced

his case. A defendant must show counsel's deficient performance prejudiced the defense. Bonvillian, 780 F.2d at 1253. To establish this, a defendant must do more than simply allege an omission or failure by counsel, he must specify what that omission was and must "affirmatively prove" prejudice. *Strickland*, 466 U.S. at 693. It is not enough for a defendant to show that an error might have occurred or might have had some conceivable effect on the outcome of the proceeding. Defendant must prove prejudice. The defendant in this case merely offers unsubstantiated conclusory allegations, and therefore fails to meet his burden of proof. These claims are without merit.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the Motion to Vacate, Set Aside, and Correct Sentence, filed by defendant MAURICE JEFFRIES, be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of May, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added

after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).